# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

---

In re:                                          :    Chapter 7
                                                :
IDL DEVELOPMENT, INC.                           :    Case No. 18-14808 (JNF)
                                                :
                          Debtor.               :
                                                :

---

## CONTINUUM ENERGY TECHNOLOGIES, LLC'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 107(b), BANKRUPTCY RULE 9018, AND MLBR 9018-1, FOR ENTRY OF ORDER (I) SEALING ITS MOTION FOR RELIEF FROM STAY AND EXHIBIT A, EXCEPT AS TO THE DEBTOR AND (II) AUTHORIZING SERVICE OF REDACTED MOTION FOR RELIEF FROM STAY ON ALL OTHER PARTIES

Continuum Energy Technologies, LLC ("CET") hereby submits this motion (the "Motion"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 9018-1, for entry of an order: (I) sealing CET's *Motion for Relief from Stay under 11 U.S.C. § 362(d) and For Related Relief* (the "Stay Relief Motion") and Exhibit A thereto, except as to the IDL Development, Inc. (the "Debtor"); and (II) authorizing service of the redacted Stay Relief Motion on all other parties. In support of this Motion, CET states as follows:

### JURISDICTION AND VENUE

1.      On December 29, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has Constitutional authority to enter a final order on the Motion.

5.      The statutory bases for relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and MLBR 9018-1.

## BACKGROUND

6.      CET is the owner and holder of fifty (50) patents (the "IP"). A list of the IP is attached to the License Agreement as Exhibit A. Most of the patents for the IP expire no later than 2025.

7.      Following substantial litigation between CET, the Debtor, and certain of their current and former shareholders, directors, officers, affiliates, and employees, the parties reached a mutually agreeable resolution of their disputes pursuant to a confidential settlement dated March 15, 2018.

8.      Related to the settlement, on March 15, 2018, CET and the Debtor entered into a confidential license agreement related to the IP (the "License Agreement").

9.      A copy of the License Agreement is attached to the Stay Relief Motion as Exhibit A. In accordance with MLBR 9018-1(b)(2), immediately following the filing of this Motion, the Stay Relief Motion and Exhibit A will be delivered to the Clerk's Office in a sealed envelope and conspicuously marked "FILED SUBJECT TO PENDING IMPOUNDMENT MOTION."

10.     CET, through its Stay Relief Motion, seeks relief from the automatic stay so that it may terminate the License Agreement (to the extent that it has not already terminated) and protect the IP and related confidential technology and information.

11.     However, CET is bound by the License Agreement to maintain strict confidentiality as to its contents, and even the specific terms of CET's confidentiality obligations are required to be treated confidentially.

## RELIEF REQUESTED

12.     CET requests that the Court enter an order sealing the Stay Relief Motion and Exhibit A (the License Agreement) thereto.

13.     Besides CET, the Debtor is the only other party that should be permitted access to the sealed Stay Relief Motion and Exhibit A. The Debtor is a party to the License Agreement and therefore already has a copy, knowledge of its content, and is also bound by the very same confidentiality obligations.

14.     CET further requests that the Court authorize it to file and serve a redacted version of its Stay Relief Motion (without Exhibit A) on all parties entitled to service under MLBR 4001-1(f). A copy of the redacted Stay Relief Motion is attached hereto as **Exhibit 1**.

15.     CET requests that any impoundment order remain in effect until further order of the Court. To the extent this Motion is granted, within forty-five (45) days after the closing of the case, CET or its attorney, shall retrieve the impounded documents.

## BASIS FOR RELIEF

16.     Section 107(a) of the Bankruptcy Code codifies the public's right of access to bankruptcy proceedings, providing that:

> [e]xcept as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). However, "[d]espite these important interests advanced by public access to judicial records, the right of access is not absolute." In re Gitto Glob. Corp., 422 F.3d 1, 6 (1st Cir. 2005). The Bankruptcy Code recognizes certain exceptions to the public access right under section 107(a), including that

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2)   protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).[1] "In other words, if a paper filed in bankruptcy court fits within section 107(b)(1) or (2), '[p]rotection is mandatory when requested by 'a party in interest.'" In re Gitto Glob. Corp., 422 F.3d at 7 (citing 2 COLLIER ON BANKRUPTCY ¶ 107.03 (15th ed. rev. 2005)).

17.    The purpose of the exception under 107(b)(1) is to protect business entities from disclosure of information "that could reasonably be expected to cause . . . [them]  commercial injury." In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  Consistent with that purpose, "commercial information" is considered to be information that  would cause an "unfair advantage to competitors by providing them information as to the  commercial operations." See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion  Pictures Corp.), 21 F.3d

---

[1] Bankruptcy Rule 9018 specifies the framework for implementing relief under section 107(b) as follows:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, [or] (2)  to protect any entity against scandalous or defamatory matter contained in any paper  filed in a case under the Code, . . . .

Fed. R. Bankr. P. 9018.

24, 27 (2d Cir. 1994) (citation and quotation marks omitted). See also In re Brahmacom, Inc., No.
04-15243-RS, 2005 WL 3240584, at *1 (Bankr. D. Mass. Jun. 3, 2005) (finding settlement
agreement constituted confidential commercial information under section 107 warranted
impoundment).

18.    Pursuant to MLBR 9018-1, "[f]or good and sufficient cause, the Court may order
that some or all of the papers in a case or in any adversary proceeding be impounded by the Clerk.[2]
Documents impounded shall be maintained by the Clerk separate and apart from files to which the
public has access." MLBR 9018-1(a).

19.    CET seeks to file its Stay Relief Motion and the License Agreement attached
thereto as Exhibit A under seal in order to protect its confidential commercial information and to
honor its confidentiality obligations under the License Agreement.

20.    The Stay Relief Motion and the License Agreement contain sensitive and
confidential commercial information relating to complex technology and related data, the release
of which will prejudice CET and the Debtor. The public disclosure of this information will
irreparably harm CET because it would allow competitors to learn about CET's licensing terms,
such as price and duration, and details about CET's IP and commercial operations that would
otherwise not be publicly available. Competitors would have the ability to use this information to
gain an unfair advantage, for example, in contracting with vendors, licensing their own intellectual
property, and in potentially undercutting CET's business relationships.

---

[2] MLBR 9018-1 refers to motions to impound, but the rule applies to motions to file documents under seal and
considers the terms "impoundment" and "under seal" interchangeable. MLBR 9018-1(a).

21.    Disclosing confidential terms could also expose CET to liability, including potential liability to the Debtor.[3] To be able to adequately prosecute the relief requested in the Stay Relief Motion, CET is compelled to discuss in such motion the terms of the License Agreement. Without relief from the Court, CET is left in the untenable position of deciding between protecting its IP and honoring its confidentiality obligations.

22.    The filing of the redacted Stay Relief Motion will serve the interests of public access while protecting the commercial information of CET. Serving all parties entitled to notice under MLBR 4001-1(f) with the redacted version will provide the parties with adequate notice of CET's request for relief, the grounds for its request, and an opportunity to object accordingly.

WHEREFORE, CET respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 2**:

(a) Granting this Motion;

(b) Authorizing the sealing of the Stay Relief Motion and Exhibit A thereto (the License Agreement) described above, which shall remain impounded, except that the Debtor shall have access;

(c) Authorizing and directing CET to serve the unredacted Stay Relief Motion and Exhibit A upon the Debtor;

(d) Authorizing and directing CET to file and serve the redacted Stay Relief Motion (without Exhibit A) upon all parties entitled to notice under MLBR 4001-1(f); and

(e) Granting such other and further relief as is just and proper.

---

[3] CET has no knowledge whether, or to what extent the Debtor has sublicensed the IP or otherwise assigned the License Agreement, which means that CET's confidentiality obligations could potentially extend to unknown third parties and expose CET to additional potential liability.

Dated: January 14, 2019

Respectfully submitted,

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer, BBO# 569358
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101-2480
Telephone: (207) 772-1941
E-mail: jfischer@dwmlaw.com

*Counsel to Continuum Energy Technologies, LLC*


Pursuant to 28 U.S.C. § 1746, I, John Preston, hereby declare under penalty of perjury that I have personal knowledge regarding the facts set forth above, and that the foregoing is true and correct to the best of my knowledge and belief.


John T. Preston
Manager, Continuum Energy Technologies, LLC

Dated: January 14, 2019

Respectfully submitted,

/s/ Jeremy R. Fischer

Jeremy R. Fischer, BBO# 569358
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101-2480
Telephone: (207) 772-1941
E-mail: jfischer@dwmlaw.com

*Counsel to Continuum Energy Technologies, LLC*

Pursuant to 28 U.S.C. § 1746, I, John Preston, hereby declare under penalty of perjury that I have personal knowledge regarding the facts set forth above, and that the foregoing is true and correct to the best of my knowledge and belief.

_____

John T. Preston
Manager, Continuum Energy Technologies, LLC

## CERTIFICATE OF SERVICE

I, Jeremy R. Fischer, certify that on January 15, 2019, I filed the foregoing Motion, related exhibits, and a proposed order with the United States Bankruptcy Court for the District of Massachusetts by via hand delivery pursuant to MLBR 9018-1 and Rule 6 of the Court's Electronic Filing Rules.   I further certify that I served a copy of the Motion, related exhibits, and a proposed order on all parties in interest set forth on the Debtor's matrix by Federal Express and First Class U.S. Mail.

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer

## CERTIFICATE OF SERVICE

I, Jeremy R. Fischer, certify that on January 15, 2019, I filed the foregoing Motion, related exhibits, and a proposed order with the United States Bankruptcy Court for the District of Massachusetts by via hand delivery pursuant to MLBR 9018-1 and Rule 6 of the Court's Electronic Filing Rules.   I further certify that I served a copy of the Motion, related exhibits, and a proposed order on all parties in interest set forth on the Debtor's matrix by Federal Express and First Class U.S. Mail.

/s/ Jeremy R. Fischer
Jeremy/R. Fischer

## <u>EXHIBIT 1</u>
**(CET's Redacted Motion For Relief From Stay)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| IDL DEVELOPMENT, INC. | : Case No. 18-14808 (JNF) |
|  | : |
| Debtor. | : |
|  | : |

## CONTINUUM ENERGY TECHNOLOGIES, LLC'S *REDACTED* MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d) AND FOR RELATED RELIEF WITH INCORPORATED MEMORANDUM OF LAW

Continuum Energy Technologies, LLC ("CET") hereby requests that the Court enter an order granting it relief from the automatic stay under section 362(d)(1) or (2) of title 11 of the United States Code (the "Bankruptcy Code") related to certain intellectual property licensed by CET to IDL Development, Inc. (the "Debtor") pursuant to that certain Exclusive License Agreement dated March 15, 2018 (the "License Agreement") between the parties. ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In support of this Motion, CET states as follows:

### JURISDICTION AND VENUE

1.       On December 29, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.       This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts.

3.       Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has Constitutional authority to enter a final order on the Motion.

## FACTUAL BACKGROUND

5.      CET is the owner and holder of fifty (50) patents (the "IP"). A list of the IP is attached to the License Agreement as Exhibit A. Most of the patents for the IP expire no later than 2025.

6.      Following substantial litigation between CET, IDL, and certain of their current and former shareholders, directors, officers, affiliates, and employees, the parties reached a mutually agreeable resolution of their disputes pursuant to a confidential settlement dated March 15, 2018.

7.      Related to the settlement, on March 15, 2018, CET and the Debtor entered into the License Agreement, whereby CET granted the Debtor certain exclusive licenses to the IP ████ ████████████████████████████████████████████████████ As a result of the License Agreement, CET stopped its own research related to potential applications and commercialization of the IP.

8.      Pursuant to the License Agreement, the Debtor was required to unconditionally pay CET a license issue fee of ████████ on or before ████████████ (the "License Fee Payment"). Additionally, the Debtor was required to periodically pay CET certain royalties generated by the Debtor's sales or sub-licenses related to the IP ███████████████ ████████████████████████████.

9.      Pursuant to the License Agreement, the Debtor was required to create accurate back-up encrypted data files related to its use of the IP (the "Encrypted Data") ████████████ ████████████████████ and secure such files at a secure, third party, offsite location, with custody of the decryption code maintained by an escrow agent. CET was required under the License Agreement to pay costs associated with this obligation of the Debtor.

3

10.    Pursuant to the License Agreement, upon the Debtor's breach of any provision of the License Agreement (including the Debtor's failure to make the License Fee Payment), written notice by CET, and the Debtor's failure to cure within ninety (90) days, CET is entitled to terminate the License Agreement.

11.    The Debtor failed to timely make the License Fee Payment.  On October 4, 2018, CET provided the Debtor with written notice, as required by the License Agreement.  CET also notified the Debtor that: (a) its deadline to cure was January 1, 2019 (the "Cure Deadline"); (b) if the Debtor failed to timely cure, CET was exercising its right to terminate the License Agreement effective January 2, 2019 (the "Termination Date"); (c) it must immediately cease using the IP; and (d) it must immediately turnover the Encrypted Data, along with the decryption code.

12.    Just two days prior to the Cure Deadline and three days prior to the Termination Date, the Debtor commenced this chapter 11 case.  The Debtor did not cure by the Cure Deadline, and the Termination Date has passed without any action by the Debtor.

## RELIEF REQUESTED

13.    CET seeks relief from stay so that it may: (a) terminate the License Agreement, to the extent that it has not already terminated; (b) obtain possession of the Encrypted Data and the decryption code; and (c) sell, re-license, or use the IP and related technology.

14.    Pursuant to Bankruptcy Code section 362(d)(1), CET is entitled to relief from stay "for cause" because: (a) the License Agreement terminated by its own terms and can no longer be assumed, and the Debtor has continued using the IP without a valid license after the Termination Date, giving rise to claims for post-petition infringement; (b) if the License Agreement has not terminated, the Debtor apparently lacks the financial wherewithal to cure within sixty (60) days of the Petition Date under Bankruptcy Code section 108(b); and (c) CET's interests in the IP are not

adequately protected because CET's patents comprising the IP are a wasting asset and CET's ability to earn value from the IP is diminishing by the day as the Debtor has not made, and is not making, any payments to CET under the License Agreement, but rather the Debtor is using this chapter 11 proceeding to continue to use the IP and related technology for as long as possible without paying anything for it.

15.    Alternatively, pursuant to Bankruptcy Code section 362(d)(2), CET is entitled to relief from stay because: (a) the Debtor lacks equity in the IP because the License Agreement has terminated and, even if it has not terminated, the Debtor apparently lacks the financial wherewithal to cure within sixty (60) days of the Petition Date under Bankruptcy Code section 108(b); and (b) the Debtor  has no prospect of reorganization because the IP is central to any reorganization and the License Agreement has terminated or should be terminated.

16.    CET also requests that the Court waive the fourteen day stay imposed by Bankruptcy Rule 4001(a)(3) because there is no reason for delaying CET's exercise of its rights under the circumstances of this case.

**BASIS FOR RELIEF**

**I.    Legal Standard**

17.    The automatic stay arises upon the filing of a bankruptcy petition and prohibits all entities from commencing or continuing any action against the debtor or property of the debtor's estate.  11 U.S.C. § 362(a).

18.    An entity may seek relief from the automatic stay, "such as by terminating, annulling, modifying, or conditioning such stay. . . ."  11 U.S.C. § 362(d).

19.    An entity is entitled to relief from the stay "for cause, including lack of adequate protection of an interest in property."  11 U.S.C. § 362(d)(1).  Determining whether cause exists

5

is a matter committed to the sound discretion of the bankruptcy court. Matter of Holtkamp, 669

F.2d 505, 507 (7th Cir. 1982). Cause is to be determined on a case by case basis based on the

totality of the circumstances. In re Haines, 309 B.R. 668, 674 (Bankr. D. Mass. 2004).

20.    An entity is entitled to relief from the automatic stay where (a) the debtor has no

equity in the property; and (b) the property is not necessary to an effective reorganization. 11

U.S.C. § 362(d)(2). Equity for purposes of Bankruptcy Code section 362(d)(2) is the value of the

debtor's interest in the property, less all encumbrances. In re SW Boston Hotel Venture LLC, 449

B.R. 156, 177 (Bankr. D. Mass. 2011). Whether property is necessary for an effective

reorganization turns on whether "there is a reasonable possibility of a successful reorganization

within a reasonable time." Id. at 178 (quoting United Sav. Ass'n of Texas v. Timbers of Inwood

Forest Assocs. Ltd., 484 U.S. 365, 376 (1988)).

21.    Once the moving party establishes its *prima facie* case, "the debtor bears the burden

of proof on all issues in a stay relief proceeding other than the "debtor's equity in the property."

11 U.S.C. § 362(g); In re SW Boston Hotel Venture LLC, 449 B.R. at 178.

**II.    CET Is Entitled To Relief From Stay "For Cause"**

    **A.    Cause Exists Because The License Agreement Terminated By Its Terms On
The Termination Date, Can No Longer Be Assumed, And The Debtor's
Continued, Post-Petition Use Of The IP Constitutes Infringement**

22.    Termination of an executory contract by its terms after the petition date constitutes

cause for granting relief from stay related to the contract. See Shell Oil Co., Inc. v. Anne Cara Oil

Co., Inc., 32 B.R. 643 (Bankr. D. Mass. 1983). In Anne Cara Oil, Judge Glennon determined that

a pre-bankruptcy termination notice effected termination of an otherwise executory contract when

the termination date occurred following the petition date. The facts of that case are strikingly

similar to this case.

23.    In <u>Anne Cara Oil</u>, Shell and Anne Cara Oil were parties to a franchise agreement. On January 12, 1982, Shell provided a notice of default and termination premised on Anne Cara Oil's failure to pay certain amounts, with the termination effective as of April 15, 1983.  On April 14, 1983, Anne Cara Oil filed for chapter 11.  Shell sought relief from stay to terminate related agreements and enjoin Anne Cara Oil from using Shell's products or intellectual property.  The court determined that, while the franchise agreement was property of the estate under Bankruptcy Code section 541(a) and constituted an executory contract under section 365 as of the petition date, "[t]he Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms."  <u>Id.</u> at 646-47 (quoting <u>In re Advent Corp.</u>, 24 B.R. 612, 614 (B.A.P. 1st Cir. 1982)).  Thus, the court held that Shell was entitled to stay relief because the franchise agreement ceased to be executory and could not be assumed because it was "terminated, as a result of a nonbankruptcy default which was not cured within the applicable time period, the day after the filing of the Chapter 11 petition."  <u>Id.</u> at 647-48.  Notably, Judge Glennon rejected Anne Cara Oil's argument that Bankruptcy Code section 108(b) extended the ninety day termination period because "the franchise relationship . . . terminated the day after the petition was filed, and the debtor made no attempt to assume the relationship within that time."  <u>Id.</u> at 648.[1]

24.    This case stands on all fours with <u>Anne Cara Oil</u>.  CET provided the required notice of the Debtor's breach of the License Agreement and CET's election to terminate, which

---

[1] The version of Bankruptcy Code section 108(b) applicable in <u>Anne Cara Oil</u> was substantially similar to the current version:

> (b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—,
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
>
> (2) 60 days after the order for relief.

7

termination was effective January 2, 2019. The Debtor filed for chapter 11 relief on December 29, 2018 – just days before the Termination Date. While the Debtor's rights under the License Agreement were property of the estate under section 541(a), and the License Agreement was executory under section 365, as of the Petition Date, when the Termination Date passed without any action by the Debtor, the agreement was terminated, ceased to be executory, and can no longer be assumed. Thus, as in Anne Cara Oil, CET is entitled to relief from the automatic stay for cause under section 362(d). Moreover, since the License Agreement terminated on the Termination Date, the Debtor's continued, unlawful, post-petition use of the IP constitutes infringement, which is additional cause under section 362(d)(1).

     **B.**     **Even If The License Agreement Has Not Terminated, Cause Exists For Stay Relief Because The Debtor Apparently Lacks The Financial Wherewithal To Cure And Assume Or Assign Within Sixty Days Of The Petition Date Under Bankruptcy Code Section 108(b)**

     25.     Even assuming, *arguendo*, that the Court determines that the License Agreement has not yet terminated, cause exists for granting CET relief from stay because the Debtor apparently lacks the financial wherewithal to cure and assume or assign within sixty days of the Petition Date under Bankruptcy Code section 108(b). Thus, CET should be granted relief so that it may terminate the License Agreement immediately.

     26.     In this District, if a counterparty to an executory contract or unexpired lease provides notice of termination subject to a cure period, and the other counterparty files for bankruptcy before the cure period expires, "The intervening filing of a bankruptcy petition *at best* gives the debtor an additional sixty-day grace period to cure existing defaults under § 108(b)." In re Player's Pub, Inc., 45 B.R. 387, 391 (Bankr. D. Mass. 1985) (emphasis added).

     27.     In Player's Pub, a landlord provided a tenant with notice of default for, among other things, nonpayment of its lease. On June 11, 1984, the lessor filed a summary judicial action for

possession of the premises, and the tenant was entitled to answer the complaint or cure the arrearage by June 25, 1984. On June 21, 1984, the tenant filed for chapter 11. When the debtor filed a sale motion that provided for the assumption and assignment of the lease on September 26, 1984, the landlord objected and filed a stay relief motion, arguing that the lease was terminated and could not be cured and assumed or assigned. The debtor and the creditors' committee argued that the debtor had the right under Bankruptcy Code section 365(d) to cure and assume or assign until plan confirmation. Judge Lawless rejected these arguments and held that, "The lease was no longer executory when the § 108(b) sixty-day grace period expired. When a contract ceases to be executory or a lease expires, the provisions of § 365 are of no force and effect." Id. at 394 (citing Good Hope Refineries, Inc. v. Benavides, 602 F.2d 998 (1st Cir. 1979); Schokbeton Indus., Inc. v. Schokbeton Prods. Corp., 466 F.171 (5th Cir. 1972); In re Anne Cara Oil Co., 32 B.R. 643 (Bankr. D. Mass. 1983); In re Chuck Wagon Bar-B-Que, Inc., 7 B.R. 92 (Bankr. D.D.C. 1980)).

28.     Thus, consistent with Player's Pub, to the extent that the License Agreement was not terminated on January 2, 2019 due to the Debtor's intervening bankruptcy, the Debtor's right to cure and avoid termination is only extended – at best – for sixty days after the Petition Date. After that time, the License Agreement will cease to be executory and cannot be cured and assumed or assigned.

29.     Here, because of the limited period for the Debtor to cure and assume or assign, and due to the Debtor's apparent lack of financial wherewithal to pay CET the ▓▓▓▓ License Fee Payment, cause exists for the Court to grant CET relief from stay to immediately terminate the License Agreement. The Debtor has now had nine-months to make the License Fee Payment and has been unable to do so. Surely, if the Debtor had any prospect of securing sufficient equity or debt to make such a large payment, the Debtor would have obtained the funding pre-petition

and avoided the additional costs and burdens of a chapter 11 filing. Rather, the Debtor's

bankruptcy filing appears to be nothing more than a dilatory maneuver to delay the inevitable. As

described more fully in the next section, because the financial impact of such delays

disproportionately harms CET, not the Debtor, CET is entitled to stay relief for cause so that it

may immediately terminate the License Agreement and proceed to sell, re-license, or use the IP

for its own benefit.

> **C.     Cause Exists Because CET's Interests In The IP Are Not Adequately Protected**

30.     The only basis for "cause" explicitly indicated in Bankruptcy Code section

362(d)(1) is "lack of adequate protection." The concept of adequate protection focuses on whether

a party's interest in estate property is deteriorating as a result of the automatic stay. See, e.g., 3

Alan Resnick & Henry Sommer, COLLIER ON BANKRUPTCY ¶¶ 361.02[3], 362.07[3][b] (16th ed.

rev. 2019); see also In re SW Boston Hotel Venture LLC, 449 B.R. at 175-76.

31.     Here, CET's interests in the IP are not adequately protected because CET's ability

to earn value from the IP is diminishing by the day and the Debtor has not made, and is not making,

any required payments to CET under the License Agreement. As noted above, most of CET's

patents for the IP expire no later than 2025, and thus CET has a limited period of time to realize

value from the IP. Each day that the Debtor retains rights to the IP under the License Agreement

is harmful to CET, as it is another day that CET is unable to re-license, sell, or use the IP, that it

32.     Thus, because CET's interests in the IP are not adequately protected, it is entitled

to relief from the automatic stay for cause under section 362(d)(1).

### III.    CET Is Entitled To Stay Relief Under Bankruptcy Code Section 362(d)(2)

33.    Additionally, CET is entitled to stay relief under Bankruptcy Code section 362(d)(2) because (a) the Debtor lacks equity in the IP under the License Agreement, and (b) the Debtor's rights in the IP are not necessary to an effective reorganization because there is no reasonable possibility of a successful reorganization within a reasonable time.

34.    The Debtor lacks equity in the IP under the License Agreement. For the reasons described above, the License Agreement terminated by its own terms on the Termination Date. Alternatively, even if the License Agreement has not yet terminated, the Debtor has no more than sixty days from the Petition Date to cure and assume or assign, and the Debtor apparently lacks the financial wherewithal to pay the cure amounts within this short period of time, as evidenced by its past conduct.

35.    Similarly, any rights that the Debtor may have in the IP are not necessary to an effective reorganization because there is no evidence of any reasonable possibility of a successful reorganization within a reasonable time. Upon information and belief, the Debtor's rights in the IP under the License Agreement are central to any reorganization. However, either because the License Agreement has terminated or because the Debtor cannot cure within the limited period provided by Bankruptcy Code section 108(b), there is no reasonable possibility of a successful reorganization within a reasonable time. Thus, CET is entitled to stay relief under Bankruptcy Code section 362(d)(2).

### IV.    The Court Should Waive The Fourteen Day Stay Under Bankruptcy Rule 4001(a)(3)

36.    "An order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). The purpose of this rule is to ensure that the nonprevailing party in a stay relief

action has an opportunity to seek a stay pending appeal, but it may be waived or limited if there are strong countervailing factors. 9 COLLIER ON BANKRUPTCY ¶ 4001.05.

37.    CET submits that strong countervailing factors exist for waiving the stay of an order granting this Motion. As set forth above, the Debtor has not satisfied its obligations under the License Agreement since it was executed on March 15, 2018, notably not even making a single payment to CET during that nine-month period while using the IP. As result of those defaults, CET noticed default and termination of the License Agreement effective as of January 2, 2019. The Debtor's bankruptcy filing was a pre-engineered and dilatory maneuver to attempt to forestall termination of the License Agreement and buy more time. Whether the License Agreement terminated by its terms or CET is granted stay relief to terminate the agreement now, the fact remains that if the Court enters an order granting this Motion, there should be no further delays related to CET's ability to gain value from the IP during the limited remaining duration of the patents. For these reasons, CET submits that the stay under Bankruptcy Rule 4001(a)(3) should be waived based on the circumstances of this case.

WHEREFORE, CET requests that the Court enter an order granting the Motion.

Dated: January 14, 2019                    Respectfully submitted,

                                          /s/ Jeremy R. Fischer
                                          Jeremy R. Fischer, BBO# 569358
                                          **DRUMMOND WOODSUM**
                                          84 Marginal Way, Suite 600
                                          Portland, ME 04101-2480
                                          Telephone: (207) 772-1941
                                          E-mail: jfischer@dwmlaw.com

                                          *Counsel to Continuum Energy Technologies, LLC*

**<u>EXHIBIT 2</u>**
(Proposed Form of Order)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| IDL DEVELOPMENT, INC. | : | Case No. 18-14808 (JNF) |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 107(b), BANKRUPTCY RULE 9018, AND MLBR 9018-1, (I) SEALING CONTINUUM ENERGY TECHNOLOGIES, LLC'S MOTION FOR RELIEF FROM STAY AND EXHIBIT A, EXCEPT AS TO THE DEBTOR AND (II) AUTHORIZING SERVICE OF REDACTED MOTION FOR RELIEF FROM STAY ON ALL OTHER PARTIES**

Upon motion (the "Motion") of Continuum Energy Technologies, LLC ("CET") for entry of an order: (I) sealing CET's *Motion for Relief from Stay under 11 U.S.C. § 362(d) and For Related Relief* (the "Stay Relief Motion") and Exhibit A thereto, except as to the IDL Development, Inc. (the "Debtor"); and (ii) authorizing service of the redacted Stay Relief Motion on all other parties, this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and for good and sufficient cause therefore, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and MLBR 9018-1, CET's Stay Relief Motion and Exhibit A thereto (the License Agreement) shall be maintained under seal in accordance with national bankruptcy rules and MLBR 9018-1(e)(2), and not made available to anyone, except for the Court, the Clerk, CET, and the Debtor.

3.      The Clerk is hereby directed to impound CET's Stay Relief Motion and Exhibit A thereto (the License Agreement) in accordance with MLBR 9018-1(e)(2).

4.      No later than five (5) business days after entry of this Order, CET shall file and serve, in accordance with the MLRB, the redacted version of its Stay Relief Motion (without Exhibit A) on all parties entitled to service under MLBR 4001-1(f).

5.      CET shall contemporaneously serve, in accordance with the MLBR, the (unredacted) Motion for Relief from Stay and Exhibit A upon the Debtor.

6.      Upon completion by CET of the service mandated by paragraphs D and E, CET shall be deemed to have complied with the notice and service requirements under Bankruptcy Rules 4001(a) and 9013, and MLBR 4001-1(f), 13-5(a).

7.      This impoundment Order shall remain in effect until further order of the Court.

8.      Within forty-five (45) days after the closing of the case, CET or its attorney, shall retrieve the impounded documents.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated:                                  _____
                                        HONORABLE JOAN N. FEENEY
                                        UNITED STATES BANKRUPTCY JUDGE

3



**Jeremy R. Fischer**
Admitted in ME, NH, MA and VT

207.253.0569
jfischer@dwmlaw.com

84 Marginal Way, Suite 600
Portland, Maine 04101-2480
207.772.1941  Main
207.772.3627  Fax

January 14, 2019

United States Bankruptcy Court
District of Massachusetts
5 Post Office Square
Boston MA 02109

        **RE:   IDL Development, Inc.**
              **Bankruptcy Case No. 18-14808 (JNF)**

To Whom It May Concern:

      Enclosed for filing pursuant to MLBR Rule 9018-1(b)(1) and Rule 6 of this Court's Electronic Filing Rules, please find *Continuum Energy Technologies, LLC's Motion Pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018, and MLBR 9018-1, for Entry of Order (I) Sealing its Motion for Relief from Sty and Exhibit A, Except as to the Debtor and (II) Authorizing Service of Redacted Motion for Relief from Stay on all Other Parties.*

      Thank you for your attention to this matter.

Sincerely,

Jeremy R. Fischer

U.S. BANKRUPTCY COURT
2019 JAN 15 A 11: 49